FILED
2021 Dec-28  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
11/19/2021 3:57 PM
63-CV-2021-901023.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>63<br><br>Date of Filing:<br>11/19/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
**DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED v. SKINNYPOP POPCORN, LLC ET AL**

First Plaintiff: ☐ Business  ☑ Individual    First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

LEO019    11/19/2021 3:57:45 PM    /s/ JEFFREY PHILLIPS LEONARD

Date    Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**    ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
11/19/2021 3:57 PM
63-CV-2021-901023.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, as the Father of A.            )
Malone, a Minor, Deceased,                   )
                                             )
    Plaintiff,                              )
                                             )
v.                                           )   CIVIL ACTION NO.: _____
                                             )
SKINNYPOP POPCORN, LLC;                      )
AMPLIFY SNACK BRANDS, INC.;                  )
ASSEMBLERS, INC.;                            )
ASSEMBLERS FOOD PACKAGING, LLC               )
SAM'S WEST, INC.; and                        )
FICTITIOUS DEFENDANTS Nos. "1"               )
through "32,"                                 )   JURY TRIAL DEMANDED
                                             )
    Defendants.                             )

## COMPLAINT

COMES NOW, Plaintiff DAVID MALONE, as the surviving biological father of A. Malone, a minor, deceased, and files this Complaint for the wrongful death of his minor child against DEFENDANTS SKINNYPOP POPCORN, LLC, AMPLIFY SNACK BRANDS, INC.; ASSEMBLERS, INC.; ASSEMBLERS FOOD PACKAGING, LLC; SAM'S WEST, INC., d/b/a Sam's Club, and Fictitious Defendants Nos. "1" through "32" (collectively, "Defendants").

1.    Plaintiff was the biological father of three-year-old, A. Malone, who died on or around March 18, 2020, after choking on SkinnyPop pre-popped popcorn that was manufactured, distributed and/or sold by the Defendants. The public is not aware that popped popcorn poses a risk of choking to young children ages 4 and under. Plaintiff and his decedent were the intended and ultimate users or consumers of the SkinnyPop popcorn at issue in this suit. Plaintiff brings this action because, among other things, Defendants manufactured, distributed and sold the product at issues in this suit with no warning on its product that popped popcorn is a choking hazard to

young children – a hazard of which Defendants knew or should have known.  Without such warning, the subject SkinnyPop popcorn product was in a defective condition and/or unreasonably dangerous to young children.  Plaintiff brings causes of action, cumulatively or in the alternative, under the Alabama Extended Manufacturers Liability Doctrine (AEMLD) and for negligence, wantonness, breach of implied warranty of fitness for a particular purpose and breach of implied warranty of merchantability.

2.     Plaintiff DAVID MALONE ("Plaintiff") is an adult resident of Alabama.  At all relevant times, he resided in Tuscaloosa, Tuscaloosa County, Alabama.  Plaintiff is, therefore, an Alabama citizen.  At all relevant times, Plaintiff David Malone was the biological father of A. Malone, deceased, and was lawfully married to, and living together with, the biological mother of A. Malone, deceased.  Accordingly, Plaintiff Malone has the right to bring this action pursuant to ALA. CODE § 6-5-391.

3.     Defendant SKINNYPOP POPCORN, LLC is an Delaware limited liability company with its principal place of business at 500 W. 5th Street, Suite 900, Austin, Texas 78701.  Upon information and belief, its sole member is Defendant Amplify Snack Brands, Inc., a citizen of Delaware and Texas.  SkinnyPop Popcorn, LLC is, therefore, a citizen of Delaware and Texas.

4.     Defendant AMPLIFY SNACK BRANDS, INC. ("Amplify") is a Delaware corporation with its principal place of business at 500 W. 5th Street, Suite 900, Austin, Texas 78701.  Amplify is, therefore, a citizen of Delaware and Texas.

5.     Amplify is or was the parent company of SkinnyPop Popcorn, LLC.  SkinnyPop Popcorn, LLC and Amplify are collectively referred to herein as "SkinnyPop."  At all relevant times, these SkinnyPop Defendants were the marketers, manufacturers and/or distributors of the SkinnyPop popcorn product at issue in this case and both were involved in marketing, labeling and

product warning decisions for the SkinnyPop popcorn product at issue in this action.

6.      Defendants ASSEMBLERS, INC. is a Illinois corporation with its principal place of business at 50 West Columbus Ave., Chicago, Illinois 60652.  It is, therefore, a citizen of Illinois.

7.      ASSEMBLER'S FOOD PACKAGING, LLC is an Illinois limited liability company with its principal place of business at 2850 West Columbus Ave., Chicago, Illinois 60652.  Upon information and belief, all of its members are citizens of Illinois.  It is, therefore, a citizen of Illinois.

8.      Assemblers, Inc. and Assembler's Food Packaging, LLC are referrrd to herein, collectivley, as "Assemblers."  Upon information and belief, the Assembers Defendants were the co-manufacturers and co-packagers, including under an manufacturing and supply agreement with Skinny Pop, of the SkinnyPop pocorn that is the subject of this suit which caused the death of Plaintiff's decedent.

9.      Both SkinnyPop and Assemblers were responsible for providing adequate labels and warnings for the SkinnyPop pocorn that is the subject of this suit and, like the SkinnyPop Defendants, had a duty to warn of the choking danger of its popcorn to young children, as alleged herein.

10.     Defendant SAM'S WEST, INC., d/b/a Sam's Club, ("Sam's Club") is a Arkansas corporation with its principal place of business in Bentonville, Arkansas.  It is, therefore, a citizen of Arkansas.  Sam's Club sold the SkinnyPop popcorn at issue in this action to Plaintiff and committed the negligent and wanton acts and omissions as alleged herein.

11.     Fictitious Defendant No. 1 being the proper legal designation of the entity known as SkinnyPop Popcorn, LLC or doing business as SkinnyPop Popcorn; Fictitious Defendant No. 2

3

being the proper legal designation of the entity known as Amplify Snack Brands; Fictitious Defendant No. 3 being the proper legal designation of the entity known as Assemblers, Inc.; Fictitious Defendant No. 4 being the proper legal designation of the entity known as Assemblers Food Packaging, LLC; Fictitious Defendants Nos. 5-6 being the proper legal designation of the entities known as Sam's Club or Sam's West, Inc. and/or the entities operating or managing Sam's Club from whom Plaintiff purchased the SkinnyPop popcorn product at issue in this action; Fictitious Defendants Nos. 7-9 being the proper legal designation of the entities or persons that manufactured, distributed, or sold the SkinnyPop popcorn on which Plaintiff's decedent choked, as alleged herein; Fictitious Defendants Nos. 10-12 being the proper legal designation of the entities or persons that were responsible for product packaging, labeling and warning with repsect to the SkinnyPop popcorn on which Plaintiff's decedent choked, as alleged herein; Fictitious Defendants Nos. 13-15 being the proper legal designation of the entities or persons that had a duty to provide warnings on the SkinnyPop popcorn on which Plaintiff's decedent choked, as alleged herein; Fictitious Defendants Nos. 16-18 being the proper legal designation of the entities or persons that failed to provide a warning on the subject SkinnyPop popcorn that it posed a choking hazard to young children, as alleged herein; Fictitious Defendants Nos. 19-21 being the proper legal designation of the entity or persons that committed the tortious acts and/or omissions or breached the warranties alleged herein that caused or contributed to Plaintiff's decedent eating and choking on SkinnyPop popcorn; Fictitious Defendants Nos. 22-24 being those persons or entities which caused or contributed to cause the death of Plaintiff's decedent as alleged herein; Fictitious Defendants No. 25-27 being those entities that employed the persons whose responsibility it was to provide and ensure the subject SkinnyPop popcorn product contained an adequate warning to consumers and the purchasing public that popcorn was a choking hazard to young children;

4

Fictitious Defendant Nos. 28-30 being those entities that employed or where the principals of agents of any of the other Fictitious Defendants; Fictitious Defendants Nos. 31-32 being those other persons that caused or contributed to Plaintiff's decedent's death; all of whose true and correct names/identities are otherwise unknown to Plaintiff at this time, but will be added by amendment when properly ascertained pursuant to ALA. R. CIV. P. 9(h).

12.     The product at issue was sold and purchased in Tuscaloosa County, Alabama. Plaintiff's decedent was injured and died in Tuscaloosa County, Alabama as a result of the subject product.  As a result, this Court has jurisdiction, and venue is proper.

## FACTUAL ALLEGATIONS

13.     Unbeknownst to most of the public, popped popcorn poses a serious and unreasonable risk of choking to young children, especially those ages 4 years or younger.  Young children, infants and toddlers have a small caliber airway that predisposes them to airway obstruction, choking and asphyxiation when eating and swallowing certain foods, including popped popcorn.

14.     The Defendants were in the business of manufacturing, distributing and/or selling SkinnyPop Popcorn, which is a pre-popped popcorn product.  The SkinnyPop Defendants marketed their SkinnyPop popcorn product to the public at large for consumption by persons of all ages.  These Defendants did not limit the age of persons to whom they marketed their popcorn product.  Defendants knew or should have known that parents and caregivers would allow young children to eat their popcorn product.

15.     For at least a decade, Defendants and others in the food and popcorn industry were put on notice from a variety of sources, including physician, consumer, industry and trade groups, that popped popcorn posed a choking hazard to young children, especially those ages 4 years old

5

or younger.

16.     For example, in 2010, the American Academy of Pediatrics (AAP) issued a Policy Statement regarding the "Prevention of Choking Among Children."  In that Policy Statement, the AAP warned that choking is a leading cause of morbidity and mortality among children, especially those aged 3 years or younger.  The AAP warned that food, coins, and toys are the primary causes of choking-related injury and death.  Certain characteristics, including shape, size, and consistency, of certain foods and toys increase their potential to cause choking among children.

17.     The AAP noted popcorn as one particular food item that was high risk for choking in children:

> Hot dogs are the food most commonly associated with fatal choking among children.  A hot dog shares the physical characteristics described above for high-risk toys.  It is cylindrical, airway sized, and compressible, which allows it to wedge tightly into a child's hypopharynx and completely occlude the airway.  Other high-risk foods include … popcorn ….  Many of these foods … share the same high-risk physical characteristics that create effective plugs for the pediatric airway. …  It is noteworthy that many foods with high-risk characteristics associated with choking are man-made. The characteristics of these foods are engineered and, therefore, amenable to change, unlike naturally occurring food products such as certain fruits and vegetables. Manufacturers of foods that are frequently consumed by children should, to the extent possible, design these products to minimize choking risk to those in that age group.

18.     Because the shape of a popped popcorn kernel is not man-made or engineered – and, therefore, not amenable to change – there is a greater need that it be accompanied by a warning that it poses a choking hazard to young children that may consume it.

19.     The AAP called for the federal government to encourage food manufacturers to give greater attention to child safety and called for manufacturer's to either modify their products to prevent choking-related injury or to warn of the risk of choking in young children.  Other sources of which the Defendants knew or should have known conclude that popcorn is a choking hazard for children 4 years of age and younger.

6

20.     Industry practice is to include labels on popcorn products warning of the risk of choking for younger children.  That is, other popcorn manufacturers, distributors or sellers took heed of their products' inherent choking danger to young children and included choking warnings for young children on their popcorn products, including the following warning:

**Kids Safety: While popcorn is delicious snacking choice, it is never recommended for infants or toddlers, as the popped kernels can pose a choking threat to their safety.**



21.     As a result, Defendants knew or should have known of the marketing, labeling and warning practices of other participants in same industry – that warned of popcorn's risk of choking in young children, infants or toddlers.

22.     Despite the various publications available to the Defendants, noting the choking risk of popped popcorn in younger children, and warnings provided by others in the industry, these Defendants failed to include any such warnings on their SkinnyPop products, including the product

7

that is the basis of this suit.

\* \* \*

23.    Plaintiff's first child, A. Malone, was born in August of 2016.

24.    Before March 18, 2020, Plaintiff purchased a bag of SkinnyPop pre-popped popcorn, containing six individual-sized bags.  He purchased the bag at Sam's Club located at 1401 Skyland Blvd. E., Tuscaloosa, Alabama 35405.  There were no warnings whatsoever on the product; no warnings on the outer, larger bag or on the individual, smaller bags inside.  There were no warnings on the product that the popped popcorn inside posed a choking risk to young children. Nor were there any limitations on the product packaging or labeling regarding the appropriate age for consumers of that popcorn product.  Plaintiff brought the SkinnyPop product home and kept it in the kitchen for consumption by his family.

25.    Like most of the public, Plaintiff and his wife were unaware that popped popcorn posed a choking risk to young children, such as their three-year-old son.

26.    On March 18, 2020, Plaintiff's three-year-old decedent ate the popped popcorn inside one of the individual-sized bags of SkinnyPop popcorn.  This consumption and use was foreseeable, intended and expected by the Defendants.

27.    Plaintiff's decedent choked on the SkinnyPop popcorn.  Plaintiff noticed that his child was unresponsive and unable to breath.  He attempted to dislodge the popcorn and immediately called 911 for emergency assistance.  The first responders were unable to resuscitate Plaintiff's decedent.  Plaintiff's decedent was pronounced deceased at DCH hospital.  The autopsy report, which is mandatory in Alabama for deceased minors, determined that Plaintiff's decedent died as a result of choking on popcorn; it noted that white foreign material consistent with popcorn was found within the larynx and upper and lower airways.

8

28.     Had Defendants' Skinny Pop popcorn adequately warned that its product posed a choking risk to young children, Plaintiff would have taken heed of such warning and would not have purchased it or kept it in his home.  But for the Defendants' failure to warn of the choking risk to young children and their manufacture, distribution, supplying and/or selling an unreasonably dangerous product when unaccompanied by such a warning, the Plaintiff's decedent would not have choked and died.  Defendants are liable for the wrongful death of Plaintiff's three-year-old son, A. Malone.

* * *

29.     Defendants were in the business of manufacturing, distributing and selling the SkinnyPop popcorn that caused the death of Plaintiff's decedent.

30.     Defendants knew or should have known that its popped popcorn is, or likely is to be, eaten by persons of all ages, including young children.  Defendants knew or should have known that its popped popcorn products were inherently and unreasonably dangerous as they posed an unreasonable choking risk to young children – a class of persons that Defendants intended and expected to consume it – as Defendants did not warn that younger children should not eat it. Defendants did not limit their marketing of SkinnyPop popped popcorn products to persons of any particular age.

31.     Defendants had no reason to believe that those for whose use the popped popcorn was supplied, including parents or caregivers, will realize that it is dangerous for young children or that it posed a choking hazard to young children.

32.     The Defendants' SkinnyPop popcorn was unreasonably dangerous to young children, especially those 4 years old and younger, of which Plaintiff and the general public were unaware.  That is, the ordinary consumer who purchases it, with the ordinary knowledge common

9

to the community, would not know that popped popcorn, including SkinnyPop popped popcorn, was dangerous as a choking risk to young children.  The danger to young children was not open and obvious.  Plaintiff did not know of the choking danger posed by the popped popcorn to young children and did not appreciate such danger.

33.     SkinnyPop and Assemblers were the manufacturers and/or distributors of the subject SkinnyPop popcorn at issue in this suit.  Upon information and belief, they operated under a contractual joint venture.  Alternatively, Assemblers was the agent of SkinnyPop in the manufacturing and labeling, including providing warnings.   Alternatively, Assemblers was delegated, in whole or in part, the duty to market, label and warn for the SkinnyPop popcorn product at issue.  SkinnyPop and Assemblers were under a duty to warn Plaintiff and other purchasers regarding their popped popcorn's danger of choking when consumed, as intended, by young children.  Defendants were negligent and wanton in their failure to inform intended users that the popped popcorn was dangerous as a choking hazard to young children.  Defendants should have provided – but failed to provide – on their products an adequate warning that their SkinnyPop popped popcorn was a choking risk to young children.  As a result, the Defendants' product was unreasonably dangerous at all times, including when it reached, and was purchased, by Plaintiff.  As the manufacturers and distributors of popcorn products, the SkinnyPop and Assemblers Defendants were in a better position to learn, know and prevent (*i.e.*, warn) of the dangers of their products, especially compared to those of consumers.

34.     Sam's Club was the retail seller of the SkinnyPop popcorn at issue in this case and sold the actual SkinnyPop popcorn product to Plaintiff and upon which the Plaintiff's decedent choked and died.  Sam's Club deliberately choose to stock and sell the SkinnyPop popcorn product – dangerous to young children – to unwary customers, including parents and caregivers of young

children.  Sam's Club reviewed, inspected and exercised discretion and control over the products that it stocked and sold.  Sam's Club sold other popcorn brands, including popcorn brands that, unlike SkinnyPop, provided a warning that popcorn posed a choking risk to younger children. Sam's Club was or should have been aware that some of its popcorn products came with such a warning.  Sam's Club was or should have been aware that the SkinnyPop popcorn products did not come with such a warning.  Nonetheless, Sam's Club made the decision to stock and sell the SkinnyPop popcorn product that it knew or should have known to be a choking risk to young children or that it knew or should have known to be unreasonably dangerous because it did not have such a warning.  The fact that SkinnyPop popcorn did not have such a warning was easily and readily ascertainable and apparent to Sam's Club; the warning should have appeared on the outside of the product packaging and readily observable by Sam's Club.  Sam's Club also routinely reviewed, examined and/or inspected the products it sells, including popcorn products.  As a result, Sam's Club was negligent and wanton in its decision to stock and sell SkinnyPop popcorn that did not come with a warning regarding the choking risk to young children.  As a result, Sam's Club knew or should have known that SkinnyPop popcorn products were defective as unreasonablly dangerous, unmerchantable and unfit for the ordinary purposes for which they are used because they lacked a warning of choking risk for young children.  Sam's Club deliberately chose to sell this specific SkinnyPop product, dangerous to young children without a warning, to unwary customers, parents and caregivers, that it knew or should have known were not aware of the choking danger to young children.  Like the other Defendants, Sam's Club was in a better position compared to the consuming public to know of the dangers and warnings, or lack thereof, on the products it sells, including the popcorn product at issue in this action.

35.     Had the subject SkinnyPop product at issue been accompanied by an adequate

warning of the choking hazard to young children, Plaintiff would have read and heeded the warning and would not have purchased the product or brought it into the home; and his decedent would not have eaten and choked on it.

## COUNT I – AEMLD – FAILURE TO WARN

36.     Defendants, named and fictitious, placed the SkinnyPop product in question on the market.  Defendants were the manufacturers, suppliers, distributors and/or sellers of SkinnyPop Popcorn.  Defendants did manufacturer, supplier, distribute and/or sell the SkinnyPop Popcorn upon which Plaintiff's decedent choked and died.

37.     Defendants' Skinny Pop Popcorn was unreasonably dangerous when used as intended by young children as it posed a choking hazard.

38.     Defendants knew or should have known that the SkinnyPop product was dangerous, a choking hazard, when used in its intended and customary manner by young children.

39.     Defendants did not give a warning – much less an adequate warning – about the danger, choking, to persons likely to be injured by the product, young children.

40.     The SkinnyPop product was substantially unaltered when used by the Plaintiff and his decedent.  Without a warning, the Skinny Pop Popcorn product was imminently and unreasonably dangerous when used as intended by young children as it posed an unreasonable risk of choking.

41.     As a proximate result, Plaintiff's decedent choked on the product and died.

## COUNT II – NEGLIGENCE

42.     Defendants, named and fictitious, negligently failed to warn about the danger related to its popcorn product.

12

43. Defendants placed the SkinnyPop product in question on the market. Defendants manufactured, supplied, distributed and/or sold Skinny Pop Popcorn and knew or should have known that it was dangerous, as it posed a choking hazard, when put to its intended use for which it was supplied, eaten by young children.

44. Defendants had no reason to believe that foreseeable users would know of, or realize, the product's unreasonably dangerous condition, a choking hazard to young children.

45. Defendants negligently failed to warn about the product's dangerous condition or of the facts which make it likely to be dangerous to young children. As further evidence of Defendants' negligence in failing to warn, Defendants were warned of the dangerous nature of the product to young children. Defendants' competitors and other popcorn manufacturers and suppliers provided warnings of the choking risk to young children.

46. Sam's Club was negligent in its decision to stock and sell a product that did not have have such a warning, as alleged above.

47. Plaintiff's decedent died as a proximate result of Defendants' negligence.

**COUNT III WANTONNESS**

48. Defendants, named and fictitious, wantonly failed to warn about the choking danger of its popcorn product to young children.

49. Defendants manufactured, supplied, distributed and/or sold Skinny Pop Popcorn and knew that it was dangerous, as it posed a choking hazard, when put to its intended use, eaten, by young children.

50. Defendants had no reason to believe that the foreseeable user would know of the dangerous condition of the SkinnyPop popcorn.

13

51.     Defendant wantonly failed to warn about the dangerous condition or of the facts which make it likely to be dangerous to young children.  As further evidence of Defendants' wantonness in failing to warn, Defendants were warned of the dangerous nature of the product to young children and Defendants knew that their competitors and other popcorn manufacturers, distributors and sellers provided warnings of the choking risk in young children.

52.     Sam's Club was wanton in its decision to stock and sell a product that did not have have such a warning, as alleged above.

53.     Plaintiff's decedent died as a proximate result of Defendants' wantonness.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

54.     Defendants, named and fictitious, breached their promise or warranty that the SkinnyPop popcorn product was suitable for a particular purpose, including but not limited to, for consumption by young children.

55.     Defendants were merchants or sellers of the SkinnyPop popcorn product.

56.     Defendants had reason to know the particular purpose for which Plaintiff bought the SkinnyPop popcorn product from Defendants, for consumption by persons of all ages, including young children.

57.     Defendants knew that Plaintiff and the consuming public were relying on Defendants' skill or judgment to provide a suitable popcorn product for consumption by consumers of all ages, including young children.

58.     The SkinnyPop popcorn product was not suitable or fit for the particular purpose for which it was bought and used, including, but not limited to, consumption by consumers of all ages, including young children.

14

59.     Plaintiff's decedent died as a result of the breach of the promise or warranty.


## COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

60.     Defendants, named and fictitious, breached their promises or warranties that the SkinnyPop popcorn product was fit for the ordinary purposes for which SkinnyPop popcorn products are used, including but not limited to, for consumption by young children.

61.     Defendants were regularly in the business of selling the SkinnyPop popcorn product.

62.     Defendants sold the SkinnyPop popcorn product to Plaintiff.

63.     The SkinnyPop popcorn product was not suitable or fit for the ordinary purpose for which the SkinnyPop popcorn product is used, consumption by all ages, including young children.

64.     Plaintiff's decedent died as a result of the breach of the promise or warranty.

* * *

65.     Defendants, named and fictitious, are vicariously liable, including under the doctrine of respondeat superior, for the acts and omissions of their employees, agents and representatives, as alleged herein.

66.     Plaintiff prays for all damages allowed by law for the wrongful death of his minor child.  Plaintiff seeks damages in excess of $1,000,000.


WHEREFORE, Plaintiff demands judgment against the Defendants, named and Fictitious, jointly and severally, in such amount of damages as a jury may assess after a full and fair consideration of the facts.

*/s/ Jeffrey P. Leonard*

Jeffrey P. Leonard (LEO-019)
jleonard@hgdlawfirm.com
*Attorneys for Plaintiff David Malone*

**OF COUNSEL**:
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues and claims raised herein.

/s/ *Jeffrey P. Leonard*
Jeffrey P. Leonard (LEO-019)
jleonard@hgdlawfirm.com
*Attorneys for Plaintiff David Malone*

**OF COUNSEL**:
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

16

**NOTE TO CLERK:  Please Serve Defendants with Summons and Complaint and Discovery via Certified Mail at:**

SKINNYPOP POPCORN, LLC
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201


AMPLIFY SNACK BRANDS, INC.
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201


ASSEMBLERS, INC.
c/o MS Registered Agent Services
191 N. Wacker Dr., Suite 1800
Chicago, IL 60606


ASSEMBLERS FOOD PACKAGING, LLC
c/o MS Registered Agent Services
191 N. Wacker Dr., Suite 1800
Chicago, IL 60606


SAM'S WEST, INC.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
11/19/2021 3:57 PM
63-CV-2021-901023.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| DAVID MALONE, as the Father of A. Malone, a Minor, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: _____ ) |
| SKINNYPOP POPCORN, LLC; AMPLIFY SNACK BRANDS, INC.; ASSEMBLERS, INC.; ASSEMBLERS FOOD PACKAGING, LLC SAM'S WEST, INC.; and FICTITIOUS DEFENDANTS Nos. "1" through "32," | ) ) ) ) ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

## PLAINTIFFS' INITIAL DISCOVERY TO DEFENDANTS

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, propounds the following Interrogatories, Requests for Production, and Requests for Admissions, to be answered ***separately by each defendant***, within the time and manner prescribed by law:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories, the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" means the defendant to whom these requests are directed and all of its present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the Defendant to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

If you withhold any document or answer from discovery, including on the bases of attorney-client privilege or work product doctrine, produce a privilege log describing the basis of withholding and sufficient information for each item withheld so that the undersigned can determine the legitimacy of such basis for withholding.

NOTE: These interrogatories should be deemed continuing in nature, and Plaintiffs request that you update your responses periodically to reflect any information obtained after your initial responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the Plaintiffs may object to admissibility.

## **INTERROGATORIES**

1.      Please state whether this Defendant has been properly designated by name in this lawsuit. If not, please state the correct and proper name or designation of this defendant.

**ANSWER:**

2.      Please state and describe in detail the relationship of this Defendant to each of the other named defendants as it relates to the SkinnyPop popcorn product at issue in this action or any other relationship.

**ANSWER:**

3.      If this defendant if of the opinion that any other person or entity did or failed to do anything which contributed to the failure to warn of popcorn's choking risk to young children, infants or toddlers or otherwise contributed to the death of Plaintiff's decedent, please state the name of such person or entity, last known address, telephone number, and describe the factual basis of your contention.

**ANSWER:**

4.      Please state the names and addresses of all persons, including entities, that were responsible for manufacturing, labeling or warnings for the SkinnyPop popcorn product that is the basis of this suit.

**ANSWER:**

5.      Please describe in detail your involvement with SkinnyPop popcorn products.

**ANSWER:**

6.      Please describe in detail your involvement with the decision to provide warnings for SkinnyPop popcorn products.

**ANSWER:**

7.      Please state in detail – including when and from what source – this Defendant learned that popped popcorn was or may be a choking risk for young children, including infants and toddlers.

**ANSWER:**

8.      Please state the name and job title for the person or entity responsible for placing any warning labels, instructions, and/or known risks deemed necessary on the label for the SkinnyPop popcorn product made the basis of this case.

**ANSWER:**

9.      Please describe all warnings, instructions, and/or known risks that have ever been displayed on the packaging of SkinnyPop popcorn products, whether previously or currently in use by stating the warning in exact detail and providing when the warning was first placed on each product SKU.

**ANSWER:**

10.     Has this Defendant received, or is otherwise aware of, any documents whatsoever, including but not limited to, articles, trade journals, trade publications, formal or informal complaints, or notices, relating to the choking hazard that popcorn poses, or may pose, to young children, infants or toddlers?  If so, please describe in details the documents, their date, and the

author or publisher, the date you received or became aware of same, and provide a brief summary of the facts contained in each.

**ANSWER:**

11.     Please state the name(s) of any experts expected to testify during the trial of this issue and provide a summary of their opinions and any facts, books, treatises, periodicals, publications, or standards this expert intends to rely upon in forming those opinions.

**ANSWER:**

12.     Please identify any potential party to this lawsuit that is not already named as a party hereto or that may otherwise be liable or responsible for the incident made the basis of this suit.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.     Please produce copies of all documents, including but not limited to files, records, investigative reports, memoranda, interviews or documents received in response to document requests or subpoenas, relating in any way to the Plaintiff, Plaintiff's decedent, or the incident made the basis of this suit.

2.     Please produce copies of all documents, including records, reports, memoranda, and/or interviews, relating to choking incidents involving popcorn.

3.     Please produce all documents relating in any way to your policies, practices or procedures for providing or not providing warnings on your products, including any decisions relating thereto.

4.     Please produce all documents relating in any way to warning, not warning, or the decision to warn or not warn, of the risk of choking posed by popcorn.

5.     Please produce all documents from any source whatsoever, including but not limited to physician, consumer, industry, governmental or trade sources or groups, that suggested that popped popcorn posed a choking hazard to young children, infants or toddlers.

6.     Please produce all documents relating in any way to your knowledge that popped popcorn was or may be a choking risk for young children, infants or toddlers.

7.     Please produce all documents relating in any way to popcorn's choking risk to young children, infants or toddlers, including but not limited to documents you received, of which you are aware, or relating to other popcorn manufacturer's product warnings.

8.     Please produce all documents relating to complaints or injuries, including those relating to choking, for any popcorn products that you manufactured, distributed, supplied, or sold, including documents showing to:

(a) Existence and location of records of consumer injuries.

(b) Number of prior injuries resulting from product's use.

(c) Nature of injury

(d) Date that you were first notified

(e) How the injuries occurred

(f) Type of notice given

(g) Whether defendant company investigated injuries

(h) Results of such investigations

(i) Lawsuits filed for injury or death from use of product

(j) Date of lawsuit and jurisdiction and case number

(k) Defendant's employee or agent testifying

(l) Expert witness(es) testifying on defendant's behalf

(m) Results of litigation (settled, dismissed, etc.)

9.     Produce documents showing the persons or entities involved with the decision to warn or not to warn for SkinnyPop popcorn products.

10.     All reports made to insurance companies or government agencies about the incident made the basis of this Complaint or any other choking incidents.

11.     Produce all documents pertaining to other reported incidents involving this product, including but not limited to choking incidents.

12.     A copy of all documents exchanged by you or your counsel with any expert witness, including any written reports made by any expert expected to testify at trial.

13.     A copy of any and all insurance agreements or policies, including the declarations page, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including excess umbrella coverage) covering any Defendant at the time of the incident made the basis of this suit.

14.     Please produce documents showing any other personal injury litigation or alternative dispute resolution proceeding relating to popcorn products, that shows the name of the action, the nature of the action, the factual and legal allegations and the disposition of the action.

15.     Produce copies of all documents relating to Sam's Club's review, inspection, evaluation of the food products, including popcorn, that it stocks and sells.

16.     Produce copies of all documents relating to Sam's Club's policies, procedures or similar documents relating to its review, inspection, evaluation of the food products, including popcorn, that it decides to stock and sell.

17.     Produce copies of all documents relating to Sam's Club's review, inspection, or evaluation of the warnings on products, including popcorn, that it stocks and sells.

18.     Produce all documents relied upon by you in responding to Plaintiff's First Interrogatories to Defendant.


                                        **By:**    /s/ *Jeffrey P. Leonard*
                                                   Jeffrey P. Leonard (LEO-019)
                                                   jleonard@hgdlawfirm.com
                                                   *Attorney for Plaintiff*


**OF COUNSEL:**
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
205.326.3336 (phone)
205.326.3332 (facsimile)
jleonard@hgdlawfirm.com


**TO BE SERVED ON DEFENDANTS WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

63-CV-2021-901023.00

To:   JEFFREY PHILLIPS LEONARD
      jleonard@hgdlawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:      11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-901023.00

To: SKINNYPOP POPCORN, LLC
% CT CORPORATION SYSTEM
1999 BRYAN ST., STE 900
DALLAS, TX, 75201

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:     11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-901023.00

To:   AMPLIFY SNACK BRANDS, INC.
      % CT CORPORATION SYSTEM
      1999 BRYAN ST., SUITE 900
      DALLAS, TX, 75201

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:     11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-901023.00

To:   ASSEMBLERS, INC.
      %MS REGISTERED AGT SVCS
      191 N WACKER DR. STE 1800
      CHICAGO, IL, 60606

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:      11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-901023.00

To:  ASSEMBLERS FOOD PACKAGING, LLC
     %MS REGISTERED AGT SVCS
     191 N WACKER DR. STE 1800
     CHICAGO, IL, 60606

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:     11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-901023.00

To:  SAM'S WEST, INC.
     % CT CORPORATION SYSTEM
     2 N JACKSON ST., STE 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following complaint was FILED on 11/19/2021 3:57:51 PM

Notice Date:     11/19/2021 3:57:51 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** SKINNYPOP POPCORN, LLC, % CT CORPORATION SYSTEM 1999 BRYAN ST., STE 900, DALLAS, TX 75201

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JEFFREY PHILLIPS LEONARD

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on .

*(Date)*

_____        _____        _____
*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____
*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP**

**NOTICE TO:** AMPLIFY SNACK BRANDS, INC., % CT CORPORATION SYSTEM 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

(Name(s) of Attorney(s))

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

(Address(es) of Plaintiff(s) or Attorney(s))

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

(Name(s))

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.       /s/ JEFFREY PHILLIPS LEONARD

(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

(Name of Person Served)          (Name of County)

Alabama on _____ .

(Date)

_____

(Address of Server)

_____       _____

(Type of Process Server)          (Server's Signature)

_____

(Server's Printed Name)          (Phone Number of Server)

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2021-901023.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** ASSEMBLERS, INC., %MS REGISTERED AGT SVCS 191 N WACKER DR. STE 1800, CHICAGO, IL 60606

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JEFFREY PHILLIPS LEONARD

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** ASSEMBLERS FOOD PACKAGING, LLC, %MS REGISTERED AGT SVCS 191 N WACKER DR. STE 1800, CHICAGO, IL 60606

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD                                                                                           ,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203                                     .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

<em>[Name(s)]</em>

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JEFFREY PHILLIPS LEONARD

<em>(Plaintiff's/Attorney's Signature)</em>

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                              .

<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

<em>(Name of Person Served)          (Name of County)</em>

Alabama on _____ .

<em>(Date)</em>

_____                    _____

<em>(Type of Process Server)        (Server's Signature)          (Address of Server)</em>

_____                    _____

<em>(Server's Printed Name)          (Phone Number of Server)</em>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP**

**NOTICE TO:** SAM'S WEST, INC., % CT CORPORATION SYSTEM 2 N JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JEFFREY PHILLIPS LEONARD

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____

*(Address of Server)*

_____     _____

*(Type of Process Server)*     *(Server's Signature)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*

*Original*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2021-901023.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** SAM'S WEST, INC., % CT CORPORATION SYSTEM 2 N JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: *Km Miles* |
|---|---|---|
| *(Date)* | | *(Name)* |

☑ Certified Mail is here

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

☐ Return receipt of cer

☐ I certify that I person

*(Name o_____*

Alabama on _____

*(Type of Process Server)*

| Certified Mail Fee | |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ | |
| Total Postage and Fees | |
| $   8.96 | |

Postmark Here

Sent To *Sam's West, Inc.*
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

7019 2970 0001 9483 1215

PS Form 3800, April 2015

See Reverse for Instructions

document to
County,
nty)

s of Server)

Number of Server)

### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

| C001 - DAVID MALONE, AS THE FATHER OF A. MALONE, A v.<br>MINOR, DECEASED | D005 - SAM'S WEST, INC. |
|---|---|
| *(Plaintiff)* | *(Defendant)* |

*Original*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** ASSEMBLERS FOOD PACKAGING, LLC, %MS REGISTERED AGT SVCS 191 N WACKER DR. STE 1800, CHICAGO, IL 60606

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: *rm miles* |
| --- | --- | --- |
| *(Date)* | | *(Name)* |

☑ Certified Mail is he ...

☐ Return receipt of c ...

☐ I certify that I pers ...

*(Name ...*

Alabama on _____

*(Type of Process Server)*

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)  $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required     $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postage

Total Postage and Fees   $ *8.96*

Sent To *Assemblers Food Packaging*

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, April 2015    See Reverse for Instructions

Postmark Here

...ARD

...Date)

...r document to _____

_____ County,

...ounty)

...ress of Server)

...ne Number of Server)

### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

| C001 - DAVID MALONE, AS THE FATHER OF A. MALONE, A v.<br>MINOR, DECEASED | D004 - ASSEMBLERS FOOD PACKAGING, LLC |
| --- | --- |
| *(Plaintiff)* | *(Defendant)* |

*Original*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** ASSEMBLERS, INC., %MS REGISTERED AGT SVCS 191 N WACKER DR. STE 1800, CHICAGO, IL 60606

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | | *(Name)* |

☑ Certified Mail is here

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

**O F F I C I A L   U S E**

☐ Return receipt of cer

☐ I certify that I person

*(Name o*

Alabama on _____

*(Type of Process Server)*

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required       $ _____
☐ Adult Signature Restricted Delivery  $ _____
Postage
$
Total Postage and Fees  $ 4.40
Sent To *Assemblers Inc.*
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4*

Postmark
Here

PS Form 3800, April 2015  See Reverse for Instructions

_te)_

_document to_ _____

_____ County,
_nty)_

_s of Server)_

*Number of Server)*

### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

| C001 - DAVID MALONE, AS THE FATHER OF A. MALONE, A<br>MINOR, DECEASED | v. | D003 - ASSEMBLERS, INC. |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

*Original*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** AMPLIFY SNACK BRANDS, INC., % CT CORPORATION SYSTEM 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is h[e]...

☐ Return receipt of [...]

☐ I certify that I pers[...]

*(Nam[...])*

Alabama on ___

*(Type of Process Server)*

DAVI[...]

...ARD

*(Date)*

...er document to ___

___ County,

*(County)*

...dress of Server)

...one Number of Server)

...ED V. SKINNYP

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees   *8.9[?]*
$

Sent To   *amplify*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 201[...]             See Reverse for Instructions

| C001 - DAVID MALONE, AS THE FATHER OF A. MALONE, A v. MINOR, DECEASED | D002 - AMPLIFY SNACK BRANDS, INC. |
|---|---|
| *(Plaintiff)* | *(Defendant)* |

*Original*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-901023.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

**NOTICE TO:** SKINNYPOP POPCORN, LLC, % CT CORPORATION SYSTEM 1999 BRYAN ST., STE 900, DALLAS, TX 75201

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY PHILLIPS LEONARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
### PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/19/2021 | /s/ MAGARIA HAMNER BOBO | By: *kim miles* |
|---|---|---|
| *(Date)* | | *(Name)* |

☑ Certified Mail is her...

☐ Return receipt of c...

☐ I certify that I pers...

*(Name...*

Alabama on _____

*(Type of Process Server)*

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees     $ *8.96*
$

Sent To *Skinnypop Popcorn*
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 20...           See Reverse for Instructions

---

...RD

...ate)

...r document to _____

_____ County,

...ounty)

...ess of Server)

...ne Number of Server)

### DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

| C001 - DAVID MALONE, AS THE FATHER OF A. MALONE, A v.<br>MINOR, DECEASED | D001 - SKINNYPOP POPCORN, LLC |
|---|---|
| *(Plaintiff)* | *(Defendant)* |

# SENDER: *COMPLETE THIS SECTION*

■ **Complete items 1, 2, and 3.**

■ **Print your name and address on the reverse so that we can return the card to you.**

■ **Attach this card to the back of the mailpiece, or on the front if space permits.**

**1. Article Addressed to:**

Sam's West, Inc.
% CT Corporation System
2 N. Jackson St., Ste. 605
Montgomery, AL 36104

cv-2021-901023-Sum-Afr.

9590 9402 5145 9122 8456 31

**2. Article Number** *(Transfer from service label)*

7019 2970 0001 9888 1215

## *COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X _____  ☐ Agent
                              ☐ Addressee

**B. Received by** *(Printed Name)*    **C. Date of Delivery**

NOV 2 9 2021

**D. Is delivery address different from item 1?  ☐ Yes**
**If YES, enter delivery address below:  ☐ No**

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**PS Form 3811, July 2015 PSN 7530-02-000-9053**    **Domestic Return Receipt**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5995 9125 8456 31

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

CV-2021-901023-Sum-dfp.

2021 DEC -2   AM 11:



AlaFile E-Notice

63-CV-2021-901023.00

Judge: DANIEL F PRUET

To:   LEONARD JEFFREY PHILLIPS
       jleonard@hgdlawfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following matter was served on 12/3/2021

**D005 SAM'S WEST, INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SkinnyPop Popcorn, LLC.
9oCT Corporation System
1999 Bryan St., Ste. 900
Dallas, Texas 75201

CV-2021-901023-Sum

9590 9402 5145 9122 8456 48

2. Article Number (Transfer from service label)

7019 2970 0001 9888 1178

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
George Martinez    NOV 29 2021

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 5145 9122 8456 48

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE
TUSCALOOSA, AL 35401

CV-2021-901023

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

63-CV-2021-901023.00

Judge: DANIEL F PRUET

To:  LEONARD JEFFREY PHILLIPS
jleonard@hgdlawfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following matter was served on 11/29/2021

D001 SKINNYPOP POPCORN, LLC
Corresponding To
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amplify Snack Brands Inc
c/o CT Corporation System
1999 Bryan St., Ste. 900
Dallas, Texas 75201

CV-2021-901023-Sum

9590 9402 5145 9122 8456 55

2. Article Number (Transfer from service label)

7019 2970 0001 9888 1185

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)

George Martinez

C. Date of Delivery

NOV 29 202

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
                                    ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #

9590 9402 5145 9322 8456 55

**United States**
**Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE ROOM 214
TUSCALOOSA, AL 35401

2021 DEC -6   11:11

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

CV-2021-90102 3-Sum-dfe



AlaFile E-Notice

63-CV-2021-901023.00

Judge: DANIEL F PRUET

To:  LEONARD JEFFREY PHILLIPS
     jleonard@hgdlawfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following matter was served on 11/29/2021

D002 AMPLIFY SNACK BRANDS, INC.
Corresponding To
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

## SENDER: COMPLETE THIS SECTION

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Assemblers, Inc.
% M.S. Registered Agt. Svc.
141 N. Walker Dr., Ste. 1800
Chicago, Illinois

CN-2021-901023 Sum-No

9590 9402 5145 9122 8456 62

2. Article Number (Transfer from service label)

7019 2970 0001 9888 1192

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

1—050399

**United States Postal Service**

USPS TRACKING #

9590 9402 5145 9122 8456 62

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE ROOM 214
TUSCALOOSA, AL 35401

CV-2021-90102 - Swen - Afp.

21 DEC - 3 AM 10: 08

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

63-CV-2021-901023.00

Judge: DANIEL F PRUET

To: LEONARD JEFFREY PHILLIPS
jleonard@hgdlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP
63-CV-2021-901023.00

The following matter was served on 12/7/2021

D003 ASSEMBLERS, INC.
Corresponding To
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

# ALABAMA SJIS CASE DETAIL


alacourt.com

**County:** 63   **Case Number:** CV-2021-901023.00   **Court Action:**
**Style:** DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP

Real Time

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 63-TUSCALOOSA | Case Number: | CV-2021-901023.00 | Judge: | DFP:DANIEL PRUET |
| Style: | DAVID MALONE, AS THE FATHER OF A. MALONE, A MINOR, DECEASED V. SKINNYP | | | | |
| Filed: | 11/19/2021 | Case Status: | ACTIVE | Case Type: | PRODUCTS LIABILITY |
| Trial Type: | JURY | Track: | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 5 | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | | Disposition Type Of Appeal: | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | 11/19/2021 | Updated By: | AJA |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - DECEASED DAVID MALONE, AS THE FATHER OF A. MALONE,

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | DECEASED DAVID MALONE, AS THE FATHER OF A. MALONE, | Type: | I-INDIVIDUAL |
| Index: | D SKINNYPOP PO | Alt Name: | | Hardship: | No | JID: | DFP |
| Address 1: | 414 23RD STREET NORTH | Phone: | (205) 000-0000 | | |

Address 2:
City:        TUSCALOOSA            State:   AL                 Zip:      35406-0000   Country:   US
SSN:         XXX-XX-X999           DOB:                        Sex:                  Race:

## Court Action

Court Action:                                                           Court Action Date:
Amount of Judgement:   $0.00             Court Action For:              Exemptions:
Cost Against Party:    $0.00             Other Cost:     $0.00          Date Satisfied:
Comment:                                                                Arrest Date:
Warrant Action Date:                    Warrant Action Status:          Status Description:

## Service Information

Issued:              Issued Type:                Reissue:              Reissue Type:
Return:              Return Type:                Return:               Return Type:
Served:              Service Type                Service On:           Served By:
Answer:              Answer Type:                Notice of No Service: Notice of No Answer:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LEO019 | | LEONARD JEFFREY PHILLIPS | JLEONARD@HGDLAWFIRM.COM | (205) 326-3336 |

### Party 2 - Defendant BUSINESS - SKINNYPOP POPCORN, LLC

## Party Information

Party:       D001-Defendant          Name:    SKINNYPOP POPCORN, LLC        Type:      B-BUSINESS
Index:       C DECEASED DAV          Alt Name:                    Hardship:  No         JID:       DFP
Address 1:   % CT CORPORATION SYSTEM                              Phone:     (205) 000-0000
Address 2:   1999 BRYAN ST., STE 900
City:        DALLAS                  State:   TX                  Zip:       75201-0000   Country:   US
SSN:         XXX-XX-X999             DOB:                         Sex:                  Race:

## Court Action

Court Action:                                                           Court Action Date:
Amount of Judgement:   $0.00             Court Action For:              Exemptions:
Cost Against Party:    $0.00             Other Cost:     $0.00          Date Satisfied:
Comment:                                                                Arrest Date:
Warrant Action Date:                    Warrant Action Status:          Status Description:

## Service Information

Issued:  11/19/2021  Issued Type:  C-CERTIFIED MAIL   Reissue:              Reissue Type:
Return:              Return Type:                     Return:               Return Type:
Served:  11/29/2021  Service Type  C-CERTIFIED MAIL   Service On:           Served By:
Answer:              Answer Type:                     Notice of No Service: Notice of No Answer:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 3 - Defendant BUSINESS - AMPLIFY SNACK BRANDS, INC.

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | AMPLIFY SNACK BRANDS, INC. | | Type: | B-BUSINESS |
| Index: | C DECEASED DAV | Alt Name: | | Hardship: No | JID: | DFP |
| Address 1: | % CT CORPORATION SYSTEM | | | Phone: | (205) 000-0000 | |
| Address 2: | 1999 BRYAN ST., SUITE 900 | | | | | |
| City: | DALLAS | State: | TX | Zip: | 75201-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 11/19/2021 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 11/29/2021 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 4 - Defendant BUSINESS - ASSEMBLERS, INC.

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | ASSEMBLERS, INC. | | Type: | B-BUSINESS |
| Index: | C DECEASED DAV | Alt Name: | | Hardship: No | JID: | DFP |
| Address 1: | %MS REGISTERED AGT SVCS | | | Phone: | (205) 000-0000 | |
| Address 2: | 191 N WACKER DR. STE 1800 | | | | | |
| City: | CHICAGO | State: | IL | Zip: | 60606-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 11/19/2021 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 12/07/2021 | Service Type C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 5 - Defendant BUSINESS - ASSEMBLERS FOOD PACKAGING, LLC

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D004-Defendant | Name: | ASSEMBLERS FOOD PACKAGING, LLC | Type: | B-BUSINESS |
| Index: | C DECEASED DAV | Alt Name: | | Hardship: No | JID: | DFP |
| Address 1: | %MS REGISTERED AGT SVCS | | Phone: (205) 000-0000 | | |
| Address 2: | 191 N WACKER DR. STE 1800 | | | | |
| City: | CHICAGO | State: IL | Zip: 60606-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | Sex: | Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 11/19/2021 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 6 - Defendant BUSINESS - SAM'S WEST, INC.

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D005-Defendant | Name: | SAM'S WEST, INC. | | Type: | B-BUSINESS |
| Index: | C DECEASED DAV | Alt Name: | | Hardship: No | JID: | DFP |
| Address 1: | % CT CORPORATION SYSTEM | | | Phone: | (205) 000-0000 | |
| Address 2: | 2 N JACKSON ST., STE 605 | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 11/19/2021 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 12/03/2021 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $44.80 | $44.80 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $21.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $334.00 | $334.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $523.80 | $544.80 | -$21.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Account | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Person | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/22/2021 | CREDIT | CONV | 2022038 | 2660880 | $21.00 | C001 | 000 | | N | | | KRM |
| 11/22/2021 | RECEIPT | AOCC | 2022038 | 2660870 | $44.80 | C001 | 000 | | N | | | KRM |
| 11/22/2021 | RECEIPT | CV05 | 2022038 | 2660900 | $334.00 | C001 | 000 | | N | | | KRM |
| 11/22/2021 | RECEIPT | JDMD | 2022038 | 2660910 | $100.00 | C001 | 000 | | N | | | KRM |
| 11/22/2021 | RECEIPT | VADM | 2022038 | 2660920 | $45.00 | C001 | 000 | | N | | | KRM |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/19/2021 | 3:57 PM | ECOMP | COMPLAINT E-FILED. | LEO019 |
| 11/19/2021 | 3:57 PM | FILE | FILED THIS DATE: 11/19/2021          (AV01) | AJA |
| 11/19/2021 | 3:57 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 11/19/2021 | 3:57 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 11/19/2021 | 3:58 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 11/19/2021 | 3:58 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 11/19/2021 | 3:58 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 11/19/2021 | 3:58 PM | ASSJ | ASSIGNED TO JUDGE: DANIEL F PRUET          (AV01) | AJA |
| 11/19/2021 | 3:58 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | C001 | C001 PARTY ADDED: DECEASED DAVID MALONE, AS THE FA | AJA |
| 11/19/2021 | 3:58 PM | C001 | LISTED AS ATTORNEY FOR C001: LEONARD JEFFREY PHIL | AJA |
| 11/19/2021 | 3:58 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D001 | D001 PARTY ADDED: SKINNYPOP POPCORN, LLC   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D001 | CERTIFIED MAI ISSUED: 11/19/2021 TO D001   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D002 | CERTIFIED MAI ISSUED: 11/19/2021 TO D002   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D002 | D002 PARTY ADDED: AMPLIFY SNACK BRANDS, INC.(AV02) | AJA |
| 11/19/2021 | 3:58 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D003 | D003 PARTY ADDED: ASSEMBLERS, INC. | AJA |
| 11/19/2021 | 3:58 PM | D003 | CERTIFIED MAI ISSUED: 11/19/2021 TO D003   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D003 | D003 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D004 | D004 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D004 | D004 PARTY ADDED: ASSEMBLERS FOOD PACKAGING, LLC | AJA |
| 11/19/2021 | 3:58 PM | D004 | CERTIFIED MAI ISSUED: 11/19/2021 TO D004   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D005 | D005 PARTY ADDED: SAM'S WEST, INC.          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D005 | CERTIFIED MAI ISSUED: 11/19/2021 TO D005   (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D005 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D005 | D005 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/19/2021 | 3:58 PM | D005 | LISTED AS ATTORNEY FOR D005: PRO SE          (AV02) | AJA |
| 11/22/2021 | 3:16 PM | ESCAN | SCAN - FILED 11/9/2021 - SUMMONS ISSUED | KRM |
| 12/3/2021 | 8:08 AM | D005 | SERVICE OF CERTIFIED MAI ON 12/03/2021 FOR D005 | SHH |
| 12/3/2021 | 8:08 AM | ESERC | SERVICE RETURN | SHH |
| 12/6/2021 | 1:24 PM | D001 | SERVICE OF CERTIFIED MAI ON 11/29/2021 FOR D001 | ALL |
| 12/6/2021 | 1:24 PM | ESERC | SERVICE RETURN | ALL |
| 12/6/2021 | 1:24 PM | ---- | SCANNED - SERVICE RETURN - TRANSMITTAL - E-NOTICE TRANSMITTALS | |

| 12/6/2021 | 1:25 PM | D002 | SERVICE OF CERTIFIED MAI ON 11/29/2021 FOR D002 | ALL |
| 12/6/2021 | 1:25 PM | ESERC | SERVICE RETURN | ALL |
| 12/6/2021 | 1:25 PM | ---- | SCANNED - SERVICE RETURN - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 12/7/2021 | 11:19 AM | D003 | SERVICE OF CERTIFIED MAI ON 12/07/2021 FOR D003 | SHH |
| 12/7/2021 | 11:20 AM | ESERC | SERVICE RETURN | SHH |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 11/19/2021 3:57:50 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/19/2021 3:57:50 PM | 2 | COMPLAINT | | 17 |
| 11/19/2021 3:57:51 PM | 3 | INTERROGATORIES(R33) | Plaintiff's Initial Discovery to Defendants | 8 |
| 11/19/2021 3:58:41 PM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 11/19/2021 3:58:42 PM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 10 |
| 11/22/2021 3:16:23 PM | 6 | SUMMONS ISSUED | | 5 |
| 12/3/2021 8:08:36 AM | 7 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/3/2021 8:08:41 AM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 12/6/2021 1:24:46 PM | 9 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/6/2021 1:24:51 PM | 10 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 12/6/2021 1:25:46 PM | 11 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/6/2021 1:25:49 PM | 12 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 12/7/2021 11:20:19 AM | 13 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/7/2021 11:20:26 AM | 14 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 **END OF THE REPORT**